Moses M. Weinstein, J.
In an action for damages resulting from breach of an indemnity agreement, defendant moves for summary judgment.
On March 14, 1968, defendant J. Miller Corp., an Interstate Commerce Commission (hereafter “ ICC ”) franchised carrier, leased certain tractor-trailer equipment together with a driver from A & L Trucking Co. In order to comply with ICC rules and regulations, the lease vested exclusive supervision and control of the vehicle in the defendant lessee. (IT. S. Code, tit. 49, § 304, subd. [e]; Code of Fed. Reg., tit. 49, part 1057.) The agreement also permitted the subleasing of the vehicle by the lessee. Thereafter, defendant dispatched the vehicle and its driver from its depot in Pennsylvania to deliver goods to Middletown, Ohio. After its delivery was made, the driver Lawrence Garnow sought a return load in order to avoid returning to the depot empty — as it is known in the trade, “ deadhead ”. It was for this reason that Garnow, acting as agent for the *89 defendant, entered into a trip lease agreement subleasing vehicle and driver to the plaintiff carrier for the delivery of certain equipment from Ohio to Pittsfield, Massachusetts. As in the afore-mentioned lease, the agreement vested exclusive possession and control of the vehicle in the plaintiff lessee. The sublease also contained an indemnification agreement whereby the lessor (defendant) agreed “ to indemnify and hold the lessee harmless with respect to any claims made for loss or damage to cargo while such cargo is under the control of the lessor’s driver ”, While making this, delivery the vehicle was involved in an accident. Plaintiff satisfied the claim made upon it by consignee for damaged equipment on board and now seeks indemnification for moneys expended for settlement of the claim.
Defendant concedes and the court agrees that there are numerous factual questions with respect to Gfarnow’s authority to act as its agent in executing the sublease. Defendant contends, however, that even assuming Garnow had sufficient authority to execute the sublease, the indemnification agreement contained therein is void as against public policy. While the issue presented is apparently unique in this jurisdiction, it has resulted in conflicting holdings in other jurisdictions. (See Alford v. Major, 314 F. Supp. 979 [D. C. Ind.] holding indemnification agreement void; Newsome v. Surratt, 237 N. C. 297; S & N Frgt. Line v. Bundy Truck Lines, 3 N. C. App. 1, holding indemnification agreement valid.)
In response to the abuses and exploitation of trip leasing and in order to provide safeguards and delineate responsibility following an accident, the Motor Carrier Act of 1935 was fortified with rules and regulations requiring that every agreement leasing a truck to an interstate carrier ‘ ‘ shall provide for the exclusive possession, control, and use of the equipment, and for the complete assumption of responsibility in respect thereto, by the lessee for the duration of said contract, lease or other arrangement ”. (Code of Fed. Reg., tit. 49, § 1057.4, subd. [a], par. [4].) (See discussion Leotta v. Plessinger, 8 N Y 2d 449, 456.) These regulations sought to insure the fact that a financially responsible person would be available to answer in damages for the negligence of a driver and thus in legislative intent are quite analogous to the responsibility imposed on the owner of an automobile pursuant to section 388 of the Vehicle and Traffic Law. (See Leotta v. Plessinger, supra, p. 462.)
It is axiomatic that under section 388 of the Vehicle and Traffic Law, an owner is permitted to be indemnified for his vicarious statutory liability (Traub v. Dinzler, 309 N. Y. 395) but there is a distinct difference between the passive liability imposed on *90 an automobile owner pursuant to section 388 of the Vehicle and Traffic Law and the statutory nondelegable active liability imposed on a lessee pursuant to the ICC rules and regulations. While in the latter situation a lessee may not seek common-law indemnification for injuries to third persons, this does not prevent the execution of a written agreement by the parties to the lease indemnifying lessee for its violation of a statutory nondelegable duty. (See Jordan v. City of New York, 3 A D 2d 507, affd. 5 N Y 2d 723; see, also, Newsome v. Surratt, 237 N. C. 297, supra.) Therefore, it is the opinion of the court that the provision for indemnity which is the subject matter of the present suit is not illegal or void as against public policy.
Accordingly, the motion is denied.