Oreathel ALFORD, Administratrix of the ESTATE of Ezell ALFORD, Plaintiff,

v.

Hugh MAJOR d/b/a Hugh Major Truck Lines, Defendant-Appellant,

and

Carriers, Inc., Defendant-Appellee.

No. 71–1379.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 24, 1972.

Decided Nov. 14, 1972.

Edmond J. Leeney and Carl N. Carpenter, Hammond, Ind., for appellant.

Charles G. Bomberger and Peter C. Bomberger, Hammond, Ind., for appellee.

Before SWYGERT, Chief Judge, SPRECHER, Circuit Judge, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

This appeal arises out of a wrongful death action brought by the plaintiff against the defendant-appellant Hugh Major Truck Lines (hereafter "Major") and the defendant-appellee Carriers, Inc. (hereafter "Carriers"). The plaintiff's decedent was killed when his car was struck by a truck being operated under a trip lease wherein Carriers was the lessor and Major was the lessee. Carriers had furnished to Major both its truck as well as its driver, a Gary Forrer, whose negligence was the proximate cause of the accident. The truck was being operated at the time under an Interstate Commerce Commission (hereafter "ICC") permit held by Major. The wrongful death action was settled as against both defendants in the amount of one hundred thousand dollars. The trip lease provided that Carriers was to indemnify Major from losses suffered by Major because of third party claims brought against Major as a result of the negligence of the driver furnished by Carriers. By way of a cross claim Major attempted to enforce the indemnification clause in the trip lease against Carriers. Carriers contended that the indemnification clause was unenforceable as a matter of law because it violated the public policy expressed in the Interstate Commerce Act and the regulations promulgated thereunder. After the facts had been stipulated to by the parties,

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

**134**

both defendants moved for summary judgment on Major's cross claim. The district court, 314 F.Supp. 979, entered summary judgment in favor of Carriers, finding that the indemnification clause was unenforceable. Major has appealed.

To place this case in its proper context a brief review of the ICC's control and regulation of truck leasing practices is necessary. A more comprehensive unfolding of this history can be found in the Supreme Court's opinion in American Trucking Associations v. United States, 344 U.S. 298, 73 S.Ct. 307, 97 L.Ed. 337 (1952), wherein the Supreme Court sustained the validity of the ICC's regulations governing these practices. For some time prior to 1953, the effective date of these regulations, the ICC's regulatory system was of a limited nature and as a result a practice whereby authorized carriers used non-owned equipment developed and became widespread. The practice took one of two forms, the interchange or the trip lease. Through the device of interchange two or more certified carriers would provide for through travel of a load in order to merge the advantages of certification to serve different areas. Trip leasing involved the use of exempted equipment in authorized carrier operations.

During the Commission hearings on these practices, which first commenced in 1948, it became apparent that these practices had a substantial impact on the regulatory scheme of the Interstate Commerce Act, the public interest in necessary and safe service as well as the economic stability of the industry. Truck leasing, either in the form of an interchange or a trip lease, raised numerous problems. Oral leases were commonly used, for example, thus creating a difficulty in fixing the lessee's responsibility for accidents. Sanctions for the violation of geographical restrictions were difficult to impose since the driver of exempted equipment was not an employee of the authorized carrier. Commission safety requirements were commonly overlooked. Since most of these leases extended for the period of one trip only, the leasing carriers often failed to inspect the equipment used or to extend the supervision of rest periods, doctor's certificates, brakes, lights, tires, steering equipment and loading, normally accorded its own drivers and equipment. The purpose of the regulations thus was "to protect the industry from practices detrimental to the maintenance of sound transportation services . . ." and to assure safety of operation for vehicles and drivers. See American Trucking Associations v. United States, 344 U.S. 298, 310, 73 S.Ct. 307, 314, 97 L.Ed. 337 (1952).

The ICC regulations, in their final form, brought the supervision and control of these truck leasing practices within the purview of the Commission and were obviously designed to eliminate some of the detrimental practices that had developed. Thus, contracts calling for the use of non-owned equipment by authorized carriers were required to be reduced to writing. 49 CFR § 1057.4(a) (2). Non-owned equipment was to be inspected by the lessee carrier when possession was transferred to it. 49 CFR § 1057.4(c). Too, the authorized carrier was to make certain that the driver of the leased vehicle was familiar with the Motor Carrier Safety Regulations. 49 CFR § 1057.4(e). And most significantly for purposes of this appeal, the Regulations required that trip lease contracts vest the "exclusive possession of, and responsibility for," the leased equipment in the lessee carrier for the duration of the lease contract. 49 CFR § 1057.4(a) (4).

Against this background we proceed to the merits of the controversy at hand. Major contends that its indemnification clause may be enforced since the actual care, custody and control of the truck remained with the lessor carrier even though Major, consistent with the ICC Regulations, assumed full responsibility therefor to the general public. It is Major's position that the ICC Regulations recognize and indeed permit the lessor to furnish its driver to the lessee and that, therefore, these regulations im-

plicitly acknowledge the practical fact that in this situation the lessee carrier has no actual control over the driver furnished by the lessor. Major concludes that the sole purpose of the regulations was to provide injured members of the public with defendants subject to the ICC's minimum insurance requirements and that, this having been accomplished, there is no public policy against indemnification contracts between the lessor and lessee carriers.

We agree with the district court that Major has misunderstood the policy behind these regulations. While it is true that one of the objectives of these regulations was to furnish financially responsible defendants to injured members of the public, this was certainly not the exclusive purpose of the regulatory scheme. Indeed, highway safety must be considered to have been one of the paramount goals. As we have seen the regulations call for the inspection of non-owned equipment by the authorized carrier when he takes possession as well as the testing of the driver's familiarity with various federal highway safety regulations. Thus, as the district court held, "the intent [of the regulations] was to make sure that licensed carriers would be responsible in fact, as well as in law, for the maintenance of leased equipment and the supervision of borrowed drivers."

Major's argument of course, proceeds from the premise that the actual care, custody and control of the truck remained with the lessor through its driver during the period of the trip lease. Major's related suggestion that the regulations have tacitly acknowledged the practicalities of this situation runs counter to the principal thrust of those regulations. When carefully analyzed, Major's argument would permit the "practicalities" to override one of the central purposes of the regulations; namely, the prevention of traffic accidents from interstate truck leasing operations. Therefore, since the indemnification clause would permit Major to circumvent the regulations' requirement

that leased carriers exert actual control over the leased equipment and the borrowed drivers, we find that the indemnification clause is unenforceable. See Carriers Insurance Exchange v. Truck Insurance Exchange, 310 F.2d 653 (4th Cir. 1962).

For the reasons given, the judgment of the district court is affirmed.