**INDIANA REFRIGERATOR LINES,
INC., Plaintiff-Appellant,**

**v.**

**James DALTON, Defendant-Appellee.**

**No. 74–2197.**

United States Court of Appeals,
Sixth Circuit.

May 12, 1975.

Felson Bowman, Lewis, Bowman, St. Clair, Bennett & Wagner, William Julian, II, Indianapolis, Ind., H. S. Barnes, Cookeville, Tenn., for plaintiff-appellant.

William J. Harbison, John W. Wade, Jr., Nashville, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a complaint in an action for indemnification brought by Indiana Refrigerator Lines, Inc. against Dalton for damages arising from a Dalton employee's conversion of cargo from a truck that Dalton had leased to Indiana. In its complaint, Indiana alleged that Dalton was required to indemnify it for the damages it had paid to the shipper of the lost cargo because of an indemnity clause in the trip-lease agreement between them:

> "Lessor and Lessee agree to abide by the rules and regulations of the Interstate Commerce Commission, including Lessee's assumption of full direction, control, and responsibility for said equipment for the duration of this agreement. Nevertheless, as between Lessor and Lessee, Lessor agrees to protect, defend, indemnify and hold harmless, the Lessee from any and all claims of whatever kind or nature that may arise under this agreement."

The district court, relying on the language of 49 C.F.R. § 1057.4(a)(4),[1] dis-

---

1. In accordance with the authority given to it by Congress in 49 U.S.C. § 304(e), the Interstate Commerce Commission promulgated 49 C.F.R. § 1057.4(a)(4) that required, *inter alia*, that trip lease agreements "shall provide for the exclusive possession, control, and use of the equipment, and for the complete assumption of responsibility in respect thereto, by the lessee for the duration of said contract, lease or other arrangement. . . ."

missed Indiana's complaint on the ground that Indiana, as an I.C.C. certified carrier, is required to assume ultimate responsibility for any damages arising from the execution of a trip-lease agreement with an exempt carrier, and that to permit an action for indemnification against a lessor who is exempt from I.C.C. regulation would undermine the public policy expressed in 49 C.F.R. § 1057.4(a)(4). In making this determination, the district court expressly declined to follow the decision in Allstate Insurance Co. v. Alterman Transport Lines, Inc., 465 F:2d 710 (5th Cir. 1972) and followed the decisions in Alford v. Major, 470 F.2d 132 (7th Cir. 1972) and in Carolina Freight Carriers Corp. v. Pitt County Transportation Co., 358 F.Supp. 1177 (E.D.Va.1973), rev'd 492 F.2d 243 (4th Cir. 1974), petition for certiorari pending, No. 73–1750, 43 U.S.L.W. 3041 (August 13, 1974).

Since the district court's decision, the Supreme Court has granted certiorari in Wear v. Brada Miller Freight Systems, Inc., 420 U.S. 971, 95 S.Ct. 1389, 43 L.Ed.2d 650 (1975), a case in which the Seventh Circuit, in an unreported order, followed its earlier decision in *Alford* and held invalid an indemnification clause similar to the one at issue in this case. More importantly, the district court in the appeal before us did not have available to it at the time of its decision our recent opinions in Jones Truck Lines, Inc. v. Ryder Truck Lines, 507 F.2d 100 (6 Cir. 1974), petition for certiorari pending, No. 74–973, 43 U.S.L.W. 3479 (March 4, 1975) and Indiana Insurance Co. v. Parr Trucking Service, Inc., No. 74–1652 (February 11, 1975) in which we upheld the validity of indemnification clauses in trip-lease agreements requiring a carrier who is exempt from I.C.C. regulation to indemnify an I.C.C. regulated carrier for losses occurring during the performance of the lease agreement. On the authority of these decisions, we reverse the determination of the district court and remand for further proceedings.

In making this disposition, we observe that there is no doubt that Indiana was required by I.C.C. regulations to pay the shipper for the loss of cargo. Indiana has done this. Accordingly, the only question before us is whether the policy expressed in the regulatory requirement prohibits an action for indemnification against the lessor of the vehicle when the driver furnished by the lessor converts the cargo for his own purposes. We agree with appellant that the primary goals of the I.C.C. regulation imposing responsibility on carriers are: (1) to prevent I.C.C. carriers from avoiding safety standards imposed by the I.C.C. by the simple practice of leasing equipment from non-regulated carriers; (2) to promote highway safety by insuring that drivers furnished by exempt carriers as part of the lease agreement do not violate safety regulations in the operation of the leased equipment; and (3) to provide shippers and other members of the public with financially responsible carriers. We hold that these goals are not undermined by enforcing the indemnification provision in this case. Indiana has already paid the shipper for the lost cargo; the leased equipment was given a safety inspection before the trip; and the driver furnished by the lessor operated the leased equipment in a safe manner.

Reversed and remanded for further proceedings consistent with this opinion.