## CIRCUIT COURT OF FAIRFAX COUNTY

Peacock

    v.

Joseph William Davidson et al.

January 30, 1991

Case No. (Law) 86833

By JUDGE JOHANNA L. FITZPATRICK

This matter was before the Court to consider defendants Alert Motor Freight, Inc., and Joseph William Davidson's Motion for Summary Judgment. For the reasons set forth below, the defendants' Motion for Summary Judgment is granted.

On or about September 12, 1986, at approximately 9:30 a.m., a tractor trailer, leased to and operated by an agent of defendant Cardinal Transport, Inc., made a delivery to a job site in McLean, Virginia. Shortly after its arrival, the plaintiff's left leg fell through a hole in the tractor trailer floor while he as unloading crates from the tractor trailer. The plaintiff alleges, in paragraph 8 of his Motion for Judgment, that the defendants "negligently, recklessly or intentionally caused or allowed [a] dangerous condition to exist and failed to use due care generally to inspect and maintain the truck's bed and/or trailer floor."

The issue raised by the defendants' Motion for Summary Judgment is limited to whether 49 C.F.R. Sec. 1057.12 requires defendant Cardinal Transport, Inc. (the lessee-carrier) to assume full responsibility for all negligence,

including any by defendants Alert Motor Freight, Inc., and Joseph William Davidson (lessor-contractor/owners).

Upon review, the Court notes that Congress amended the Interstate Common Carrier Act in 1956 to require motor carriers to be fully responsible for the operation of vehicles certified to them in order to protect the public from abusive conduct which had resulted from the trucking industry's use of leased vehicles. *See* 49 U.S.C. Secs. 10927(a)(2) and 11107(a)(4). As a result of this legislation, an authorized carrier is now required to:

> (4) have control and be responsible or operating those motor vehicles in compliance with requirements prescribed by the Secretary of Transportation on safety of operations and equipment, and with other applicable law as if the motor vehicles were owned by the motor carrier.

Pursuant to this mandate, the I.C.C. promulgated 49 C.F.R. § 1057 to govern leasing agreements between authorized interstate carriers and contractors. 49 C.F.R. Sec. 1057.12 provides as follows:

> (1) The lease shall provide that the authorized carrier lessee shall have exclusive possession, control, and use of the equipment for the duration of the lease. The lease shall further provide that the authorized carrier lessee *shall* assume complete responsibility for operation of the equipment for the duration of the lease.

(Emphasis added).

Moreover, the court in *Proctor v. Colonial Refrigerated Transportation, Inc.*, 494 F.2d 89 (4th Cir. 1974), citing *Alford v. Major*, 470 F.2d 132 (7th Cir. 1972), stated that the intent of the regulation "was to make sure that licensed carriers would be responsible in fact, as well as in law, for the maintenance of leased equipment . . . ." As such, the regulatory standard eliminates the independent contractor concept from such lease arrangements and casts upon the lessee-carrier full responsibility for the leased equipment. *See Proctor v. Colonial Refrigerated Transportation, Inc., supra,* at 92; *Ryder Truck Rental Co., Inc. v.*

*UTF Carriers, Inc.*, 719 F. Supp. 455 (W.D. Va. 1989) (where the Court stated that it was unable to read the possibility of joint and severable liability into the lessee-carrier's requisite assumption of "full responsibility"). Therefore, the I.C.C. has mandated a positive legal responsibility upon lessee-carriers which this Court must uphold.

Nevertheless, the indemnity provision of the Lease, which provides that the lessor agrees "to indemnity the [l]essee for any and all claims . . . arising out of . . . any negligence or alleged negligence on the part of the [l]essor . . . ." is consistent with the intent of the federal regulations which cast "complete responsibility" upon the lessee-carrier. *See, Ryder Truck Rental Co., Inc. v. UTF Carriers, Inc., supra* at 461 (where the Court pointed out that "although one party is required by law to have control and responsibility for the conditions of the vehicle and to bear the consequences of any negligence, the party responsible in law to the injured or damaged person may seek indemnity from the party responsible in fact"). Therefore, while this Court does sustain the defendants' Motion for Summary Judgment, this ruling does not preclude defendant Cardinal Transport, Inc., from subsequently seeking indemnification from defendants Alert Motor Freight, Inc., and Joseph William Davidson.