114 So.2d 551

## UNITED STATES STEEL CORPORATION

v.

### Cecil M. WOOD and Department of Industrial Relations.

### 6 Div. 299.

Supreme Court of Alabama.

Feb. 12, 1959.

Burr, McKamy, Moore & Thomas, Frontis H. Moore, Andrew J. Thomas, Wm. Henry Beatty and Samuel H. Burr, Birmingham, and Hill, Hill, Stovall & Carter and Thos. B. Hill, Jr., Montgomery, for petitioner.

Cooper, Mitch, Black & Crawford, Birmingham, opposed.

GOODWYN, Justice.

This is one of four related cases (the other three being United States Steel Corp. v. Baxley, Ala., 114 So.2d 554,[1] United

1. Post, p. 7.

States Steel Corp. v. Glasgow, Ala., 114 So.2d 567,[2] and United States Steel Corp. v. Curry, Ala., 114 So.2d 532[3]) in which we granted certiorari to the Court of Appeals. In granting the writ in these cases, it was specified that it was "for the limited purpose of reviewing that portion of the Court of Appeals' opinion dealing with the question as to whether a member of a local union, not itself on strike, is entitled to unemployment compensation when his unemployment is due to a strike engaged in by another local union, when both locals belong to the same national or international union."

For the facts in detail, reference is made to the opinion of the Court of Appeals. We see no need to repeat them here. It seems to us that the purpose of the review, as stated above, sufficiently poses the question for decision.

The question calls for interpretation of § 214, Subdiv. A, Tit. 26, Code 1940, as amended by Act No. 360, appvd. Sept. 7, 1955, Acts 1955, Vol. II, p. 875, which provides as follows:

"§ 214. Disqualification for benefits.—An individual shall be disqualified for total or partial unemployment:

"A. For any week in which his total or partial unemployment is directly due to a labor dispute still in active progress in the establishment in which he is or was last employed; for the purposes of this section only, the term 'labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee. This definition shall not relate to a dispute between an individual worker and his employer."

In Usher v. Department of Industrial Relations, 261 Ala. 509, 75 So.2d 165, a majority of the court (in a four to three decision) approved the following language of the Court of Appeals in Department of Industrial Relations v. Drummond, 30 Ala. App. 78, 1 So.2d 395, 398, certiorari denied 241 Ala. 142, 1 So.2d 402, to wit:

"The conclusion is inescapable that the Legislature never intended that one, who has purchased his protection against involuntary unemployment, should be denied those benefits because of a 'labor dispute' in which he was in no way involved and the causes of which unemployment he, his agents or organization were powerless to avert."

In Usher the claimant was a member of the Brotherhood of Locomotive Firemen and Enginemen which was not on strike nor engaged in a labor dispute. The striking union in that case was the United Steelworkers union, a member of C.I.O., with which claimant had no affiliation whatever; nor did claimant's union have any affiliation whatever with said striking union. Claimant's unemployment was found to be directly due to the steelworkers' strike.

In the case now before us the claimant was a member of a local union affiliated with the national union of United Steelworkers of America, C.I.O., with which national union the striking local union was also affiliated. For the purposes of this review, there appears to be no dispute that claimant's unemployment was directly due to the strike of said affiliated local.

As we see it, the specific question to be decided is whether the interpretation of the statute (§ 214, Subdiv. A, supra), approved

2. Post, p. 8.

3. Post, p. 8.

in Usher, is of controlling influence in this case.

It seems to us that Usher is to be distinguished from the instant case. In Usher the claimant had absolutely no affiliation with the striking union, and it was on that basis, and that basis alone, that the statute was interpreted as permitting benefits when the claimant's unemployment is "because of a 'labor dispute' in which he was in no way involved and the causes of which unemployment he, his agents or organization were powerless to avert." In the instant case, the claimant's relationship with the striking local is thus stated in the Court of Appeals' opinion on rehearing:

> " 'That the claimant was a member of United Steelworkers of America, CIO; that the production and maintenance employees of employer's Ore Mines & Quarries Division (including the employees at the ore conditioning plant and the claimant and other employees at Ore Mine No. 7) were represented by United Steelworkers of America, CIO, as the exclusive bargaining agent; that such production and maintenance employees were covered by one collective bargaining agreement negotiated by the same bargaining representatives and executed in the name of and on behalf of the same Union, namely, the United Steelworkers of America, CIO; and that the strike causing the unemployment of claimant was actually terminated as a result of telegraphic orders or instructions from the Chief Executive Officer of United Steelworkers of America, CIO.' "

We think the restrictive provisions of Subdiv. A, § 214, Tit. 26, as amended, supra (for a discussion of this statute see Usher, supra, including the minority opinion), denote a clear legislative purpose and intent; and that such purpose and intent should not be extended beyond the holding in Usher. To hold that claimant is entitled to unemployment benefits in this case would be to extend that holding. We find no warrant to do so by judicial interpretation.

Reversed and remanded.

All the Justices concur.

