158 So.2d 305 (1963)
Tom BROWN et al.
v.
Richard E. BROWN, Jr., Administrator, Division of Employment Security, Department of Labor, State of Louisiana.
No. 5947.
Court of Appeal of Louisiana, First Circuit.
November 12, 1963.
Rehearing Denied December 16, 1963.
Writ Refused February 14, 1964.
Revius O. Ortique, Jr., New Orleans, for appellants.
Melvin Bellar, Baton Rouge, Talley, Anthony, Hughes & Knight, by Bascom G. Talley, Bogalusa, for appellee.
Before LOTTINGER, HERGET, LANDRY and REID, JJ.
*306 LANDRY, Judge.
This is an appeal by 329 members of Local 189-A, United Papermakers and Paperworkers, AFL-CIO, International Union, from the judgment of the trial court affirming the decision of the Board of Review, Division of Employment Security, Department of Labor, State of Louisiana, (sometimes hereinafter referred to simply as "the Board"), which disqualified appellants for unemployment compensation benefits because of appellants' participation in a strike or labor dispute at the plant of Crown Zellerbach Corporation, Mill Division, Bogalusa, Louisiana, where appellants were employed.
The pertinent facts giving rise to the instant litigation were tendered principally by stipulations which reveal that The United Papermakers and Paperworkers, AFL-CIO, International Union, (sometimes hereinafter referred to simply as "International" or "the Union"), is the duly authorized and recognized bargaining agent for all its members employed in the Bogalusa, Louisiana, plant of Crown Zellerbach Corporation (sometimes hereinafter designated simply as "Crown Zellerbach" or "the Plant"). By choice, all members of the International employed at the plant have been divided into two separate and distinct local unions known as Local 189 and Local 189-A, respectively. Local 189 is composed entirely of members of the Caucasian Race whereas 189-A consists wholly of members of the Negro Race. Said locals, though operating independently of each other and each having its own officers, are nevertheless both subject to all rules, regulations and directives of the International or parent union. International, as bargaining agent for the members of both locals, negotiated a contract with Crown Zellerbach governing wages and working conditions of the members of the two local subordinates, the contract being signed by the Presidents of 189 and 189-A. While the contract was in force a labor dispute commenced at the plant on August 27, 1961, causing a work stoppage of the pulp and paper mill as a result of which claimants, members of Local 189-A, became unemployed. A strike vote was taken by the members of Local 189, the result of which was to authorize a strike by the members of said local. By directive of the International President, Local 189-A took a strike vote the outcome of which was a decision not to strike. Picket lines were established by the members of Local 189 which it was the duty and obligation of appellants, as members of 189-A, to honor under penalty of expulsion from union membership and the imposition of monetary assessment. No attempt was made by any appellant to cross the picket lines established by the members of their brother local. Strike benefits were tendered claimants by the International and rejected, it being conceded, however, the proffered benefits were retained by International in escrow for payment to claimants in the event of final rejection and denial of their claims for unemployment benefits. No force, threats, intimidation or coercion was used, directed or employed against any claimants to prevent or discourage crossing of the picket lines established by the striking members of Local 189.
In due time appellants made individual application for unemployment benefits which applications were denied upon the administrative determination appellants were participating in a labor dispute and therefore ineligible for unemployment benefits under the provisions of LSA-R.S. 23:1601(4). All appellants exhausted their administrative remedy of appeal first to the Appeals Referee and then to the Board of Review, following which appeal was made to the District Court and finally to the Court of Appeal.
In his brief before this Court, learned counsel for appellants maintains the Board of Review and the trial court erred in concluding Locals 189 and 189-A were one and the same union. In substance he contends both Crown Zellerbach and the International recognize the two locals as separate *307 and distinct unions each possessing different officers, each representing employees of different races and job classifications and each being totally independent of the other. From this he argues the action of the members of Local 189 should not be attributed to appellants who were in no way responsible for the strike and therefore were not absent from work by choice but by virtue of a circumstance over which they exercised no control. Secondly, esteemed counsel for appellants maintains the members of Local 189-A neither participated in nor benefited from the strike called by Local 189 and, consequently, were improperly declared ineligible for unemployment benefits under the applicable statute.
The issue, though res nova in this state, has been the source of considerable litigation in other jurisdictions as will hereinafter appear.
The applicable portion of the Louisiana Employment Security Law, namely, LSA-R.S. Title 23, Chapter 11, Section 1601(4) provides as follows:
"§ 1601. Disqualification for benefits
"An individual shall be disqualified for benefits:
* * *
"(4) For any week with respect to which the administrator finds that his unemployment is due to a labor dispute which is in active progress at the factory, establishment, or other premises at which he is or was last employed; but such disqualification shall not apply if it is shown to the satisfaction of the administrator that he is not participating in or interested in the labor dispute which caused his unemployment. * * *"
From the foregoing it readily appears a person claiming unemployment benefits is disqualified from receipt thereof if his unemployment is the result of a labor dispute unless it be affirmatively shown he is neither participating in nor interested in the labor dispute which occasioned the unemployment on which his claim for benefits is founded. The aforesaid provision is not peculiar to Louisiana since a majority of states have disqualification provisions substantially similar to our own. See 13 Labor Law Journal, February, 1962, Page 177.
Our careful consideration of the applicable statute as a matter of first impression, impels the conclusion the clear import thereof is to place the burden of proof upon the employee seeking unemployment benefits. In effect the statute provides an individual is disqualified for benefits during any week in which his employment results from a labor dispute but such disqualification shall be ineffective and without application if it be shown he is neither participating in nor interested in the labor dispute which caused his unemployment. It would appear the legislature therefore intended disqualification to ipso facto result from unemployment caused by a labor dispute unless and until the affected employee adduced proof that he is not participating therein or interested in the outcome thereof. No other conclusion appears justifiable or logical in view of the terminology appearing in the statute. The same interpretation has been accorded similar statutes in Nebraska and Pennsylvania. See Borchman Sons v. Carpenter (1958) 166 Neb. 322, 89 N.W.2d 123; Oluschak v. Unemployment Compensation Board of Review (1960) 192 Pa.Super. 255, 159 A.2d 750.
In a case involving a factual situation on all fours with the present matter the Supreme Court of Alabama held the members of a local disqualified from unemployment benefits under a statute similar to our own. Thus in United States Steel Corporation v. Wood (1959) 269 Ala. 5, 114 So.2d 551, where two subordinates of an international union were in a single plant and one local struck effectively closing the entire plant, the members of the non-striking local were denied benefits. In disposing of the issue the Supreme Court of Alabama used the *308 following language which we cite with approval:
"It seems to us that Usher is to be distinguished from the instant case. In Usher the claimant had absolutely no affiliation with the striking union, and it was on that basis, and that basis alone, that the statute was interpreted as permitting benefits when the claimant's unemployment is `because of a "labor dispute" in which he was in no way involved and the causes of which unemployment he, his agents or organization were powerless to avert.' In the instant case, the claimant's relationship with the striking local is thus stated in the Court of Appeals' opinion on rehearing:
"`That the claimant was a member of United Steelworkers of America, CIO; that the production and maintenance employees of employer's Ore Mines & Quarries Division (including the employees at the ore conditioning plant and the claimant and other employees at Ore Mine No. 7) were represented by United Steelworkers of America, CIO, as the exclusive bargaining agent; that such production and maintenance employees were covered by one collective bargaining agreement negotiated by the same bargaining; representatives and executed in the name of and on behalf of the same Union, namely, the United Steelworkers of America, CIO; and that the strike causing the unemployment of claimant was actually terminated as a result of telegraphic orders or instructions from the Chief Executive Officer of United Steelworkers of America, CIO.'
"We think the restrictive provisions of Subdiv. A, § 214, Tit. 26, as amended, supra (for a discussion of this statute see Usher, supra, including the minority opinion), denote a clear legislative purpose and intent; and that such purpose and intent should not be extended beyond the holding in Usher. To hold that claimant is entitled to unemployment benefits in this case would be to extend that holding. We find no warrant to do so by judicial interpretation."
Predicated upon the foregoing stipulation of fact, and the testimony of appellant Tom Brown, President of Local 189 A, hereinafter discussed, we conclude that not only have appellants failed to carry the incumbent burden of establishing their lack of participation in the strike which admittedly resulted in their unemployment but also that the record fully substantiates the finding of the Board of Review to the effect appellants did in fact participate therein within the meaning and intendment of the term "participate" as used in the applicable statute.
It will be recalled both Locals 189 and 189-A are members of the same International Union, which parent union is conceded to be the bargaining agent for each said local insofar as the employer Crown Zellerbach is concerned. It must also be remembered the International is the agent of both locals and as such has been delegated full authority to represent said locals in their dealings with the employer in question. Their common membership in a single International demands and requires their acceptance of the directives of the International and obedience to its decrees or suffer the alternative awesome consequences of expulsion from union membership and unlimited monetary assessment as provided by Article XI, Section 7 of the union's constitution appearing of record. In addition their interest in the strike is manifest considering the proffer of strike benefits made by the International and the fact that said benefits are being held in escrow for payment to claimants upon their disqualification becoming final. Further, the testimony of appellant Brown is unequivocally to the effect that not only did claimants make no attempt to cross the picket lines established *309 by Local 189 but also that Local 189-A officially recognized the picket lines and refused to cross them. Such action by claimants clearly constitutes participation in a labor dispute. Finally there appears of record a letter from Harry Sayre, Executive Vice President of the International, to appellant, Tom Brown, President of Local 189-A advising that the possibility of members 189-A continuing employment at the plant terminated when the strike by Local 189 commenced. Under such circumstances the action of appellants can only be construed as voluntary participation in the strike called by their brother local.
Disqualification under circumstances similar to those herein shown has also been decreed in Indiana, Connecticut and Oregon. See Adams v. Review Board (1951), 121 Ind.App. 273, 98 N.E.2d 681, Bartlett v. Administrator, Unemployment Compensation Act (Connecticut, 1955), 142 Conn. 497, 115 A.2d 671, Cameron v. DeBoard (1952) 230 Or. 411, 370 P.2d 709.
Our careful consideration of the numerous cases dealing with the subject matter presently under consideration, reveals the rationale of the majority rule, denying benefits under circumstances akin to those herein encountered, is two-fold. First, the action of the union is the action of the membership and he who accepts the benefits of collective bargaining through an organizational representative must likewise accept the attending hardships, if any, resulting from the actions of the agency to which he has delegated the power to represent him in negotiations with his employer with respect to wages and working conditions. It is elementary that a principal is bound by the actions of his agent performed within the scope of the delegated authority. Secondly, to permit receipt of benefits under circumstances attending the case at bar, is to endorse the harsh inequity of compelling the employer to at least partially finance the strike against him. LSA-R.S. 23:1531-23:1571, inclusive, provides for the payment by employers of substantial contributions into the fund from which the benefits due unemployed persons are paid. As pointed out in numerous cases from other jurisdictions there is obvious inequity in permitting a union the advantage of financing a strike at the expense of the employer with whom negotiations are in progress.
Affirmed.
ELLIS, J., not participating.