CULPEPPER, Judge
(dissenting).
With all due respect, I think the majority opinion indulges in improper judicial legislation. In effect, the majority has repealed that portion of LSA-R.S. 23 :- 1601(4) which disqualifies a claimant who was “interested in the labor dispute which caused his unemployment.”
I agree with the majority that plaintiff was not “participating in” the labor dispute, for he was not a member of the union, could not vote on matters pertaining to the strike and did not walk the picket line. But I cannot possibly agree that he was not “interested in the labor dispute.” In my view, the words “interested in the labor dispute” would clearly include a man whose wages increased as a result thereof. See the many cases cited in 28 A.L.R.2d 337, et seq. which follow this view.
If, as the majority opinion has done, we restrict the phrase “interested in the labor distpute”, to “circumstances where the individual involved has a voice in the dispute”, we, in effect, have only one disqualifying criteria, for if a man has a “voice in” the dispute he is “participating in” the dispute. I think the legislature clearly intended to disqualify both those who participate in a strike, as voting union members, walking picket lines, etc. and also those who, although not participating in the strike, stay away from work and receive benefits from the strike. This was a policy decision made by the legislature which the courts are duty bound to uphold.
The rationale of this view is set forth in the somewhat similar case of Brown v. Brown, 158 So.2d 305 (La.App. 1st Cir. 1963, writ refused) where the court said:
“Secondly, to permit receipt of benefits under circumstances attending the case at bar, is to endorse the harsh inequity of compelling the employer to at least partially finance the strike against him. LSA-R.S. 23:1531-23:1571, inclusive, provides for the payment by employers of substantial contributions into the fund from which the benefits due unemployed persons are paid. As pointed out in numerous cases from other jurisdictions there is obvious inequity in permitting a union the advantage of financing a strike at the expense of the employer with whom negotiations are in progress.”
For the reasons assigned I respectfully dissent.