HOLDRIDGE v TECUMSEH PRODUCTS COMPANY

1. UNEMPLOYMENT COMPENSATION—LABOR RELATIONS—LABOR DIS-
PUTES—NONSTRIKING EMPLOYEES.

Generally, workers who are involved in a labor dispute are not
entitled to unemployment compensation benefits; an exception
exists for a nonstriking employee who can show (1) that he was
willing to cross a peaceful picket line, (2) that he made a
reasonable attempt to cross the picket line in question, or (3)
that his sole reason for failing to cross the picket line was a
well-founded and reasonable apprehension of violence to his
person.

2. UNEMPLOYMENT COMPENSATION—LABOR RELATIONS—NONSTRIKING
EMPLOYEES—INVOLUNTARY UNEMPLOYMENT.

A group of foremen at a manufacturing plant are entitled to
unemployment compensation benefits for a period of time dur-
ing which they did not work because of a strike in which they
were not involved where the foremen testified to their willing-
ness to continue working during the strike, where a finding
that the foremen feared bodily harm was supported by the
record as a whole, and where the record shows that there were
unsuccessful attempts to cross the picket line; in these circum-
stances the foremen's unemployment must be deemed involun-
tary and not due to a labor dispute.

Appeal from Lenawee, Rex B. Martin, J. Submit-
ted October 19, 1977, at Detroit. (Docket No. 77-
93.) Decided December 9, 1977. Leave to appeal
applied for.

Arthur L. Holdridge and others applied to the
Michigan Employment Security Commission for
unemployment compensation benefits for a period
of time during which they did not work because of

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Unemployment Compensation §§ 77, 78.
[2] 76 Am Jur 2d, Unemployment Compensation § 85.

a labor dispute at Tecumseh Products Company. The referee's denial of benefits was upheld by the Employment Security Appeal Board. Plaintiffs appealed to the circuit court, which affirmed the denial of benefits. Plaintiffs appeal. Reversed and remanded to the Employment Security Appeal Board.

*Charles W. Jameson* and *Timothy P. Pickard,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James H. White,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

W. R. BROWN, J. The significant issue raised in this appeal is whether employees who decline to cross a picket line and attend work during a strike because of reasonable fear of violence are nonetheless entitled to unemployment compensation benefits. We hold that they are.

Plaintiffs are a group of foremen who were employed by defendant Tecumseh Products Co., on November 15, 1974, at the start of a strike that lasted until April 1, 1975. The foremen maintained union membership solely to keep seniority in case of a cutback of employees. They did not participate in union activities nor did they vote on the strike nor stand to benefit by the strike. For the initial two weeks of the strike, the employer conducted training sessions at a location away from the main plant. Thereafter, the foremen were instructed to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

report to the plant, entailing the crossing of a picket line.

The foremen testified before the hearing referee that they were subjected to threats of violence. One of the foremen testified that when he attempted to drive across the picket line, his vehicle was forced to a stop by one of the strikers who "crawled out of his truck, ripped his coat off and jerked me out of the car". The foremen decided not to cross the picket line for fear of physical harm. In February, 1975, the employer obtained an injunction against the strikers.

The Employment Security Appeal Board as well as the circuit court ruled that plaintiffs were not entitled to unemployment benefits by virtue of MCLA 421.29(8) and (8)(a)(iv); MSA 17.531(8) and (8)(a)(iv). These statutory provisions read in relevant part as follows:

"(8) An individual shall be disqualified for benefits for any week with respect to which his total or partial unemployment is due to a labor dispute in active progress * * * in the establishment in which he is or was last employed * * * . An individual shall not be disqualified under this subsection if he is not directly involved in the dispute.

"(a) For the purposes of this subsection an individual shall not be deemed to be directly involved in a labor dispute unless it is established that:

* * *

"(iv) His total or partial unemployment is due to a labor dispute which was or is in progress in a department or unit or group of workers in the same establishment."

The lower court and administrative bodies ruled that since plaintiffs were employed in the "same establishment", and could have gone to work "but for" the labor dispute, plaintiffs were ineligible for

benefits. While we acknowledge the rule that a peaceful strike at a single place of employment bars even nonstriking employees from unemployment compensation benefits, *Noblit v The Marmon Group,* 386 Mich 652; 194 NW2d 324 (1972), we hold it inapplicable to these facts calling for application of the "actual violence" exception to the general rule that workers involved in a labor dispute are not entitled to unemployment compensation benefits.

The referee made the finding that "the claimants 'feared bodily harm' if they crossed picket lines". There is no dispute as to this factual finding and it is supported by competent, material, and substantial evidence on the whole record. Thus, our review is to determine whether the law was properly applied to the facts. *Baker v General Motors Corp,* 74 Mich App 237, 244–245 n 2; 254 NW2d 45 (1977).

The error of law below is in the focus on the "same establishment" language of the statute. In order to come within the labor dispute disqualification, the unemployment must first be "due to" a labor dispute. Under similar predecessor statutes[1],

---

[1] The then applicable statutes, contained in 1955 PA 281, § 29(1)(b), read as follows:

"(b) For any week with respect to which his total or partial unemployment is due to a stoppage of work existing because of a labor dispute in the establishment in which he is or was last employed: Provided, however, That no individual shall be disqualified under this section if he shall establish that he is not directly involved in such dispute. For the purpose of this section, no individual shall be deemed to be directly involved in a labor dispute unless it is established:

"(1) That, at the time or in the course of a labor dispute in the establishment in which he was then employed, he shall in concert with 1 or more other employees have voluntarily stopped working other than at the direction of his employing unit, or

"(2) That he is participating in or financing or directly interested in the labor dispute which caused the stoppage of work: Provided, however, That the payment of regular union dues shall not be construed as financing a labor dispute within the meaning of this subsection, or

the Michigan Supreme Court recognized that fear of violence would exempt a worker from the labor dispute disqualification. *Dynamic Manufacturers, Inc v Employment Security Commission,* 369 Mich 556, 558–559; 120 NW2d 173 (1963). Decisions in other states likewise recognize this exception. See *Clary v Central Foundry Co,* — Ala —; 333 So 2d 824 (1976), *Haskon, Inc v Coleman,* 310 A2d 657, 660 (Del Super, 1973), *Sangamo Electric Co v Donnelly,* 26 Ill 2d 348, 354; 186 NE2d 230, 233–234 (1962), *Achenbach v Review Board of Indiana Employment Security Division,* 242 Ind 655, 664–665; 179 NE2d 873, 878 (1962), *Schooley v Board of Review,* 43 NJ Super 381, 385; 128 A2d 708, 710 (1957), *Kennecott Copper Corp v Employment Security Comm,* 81 NM 532, 533; 469 P2d 511, 512 (1970), *Blankenship v Board of Review,* 486 P2d 718, 721 (Okla 1971), *Unemployment Compensation Board of Review v G C Murphy Co,* 19 Pa Com 572, 578; 339 A2d 167, 171 (1975).

However, this exception has a narrow application. We adopt the standards set forth in Anno., *Refusal of Non-Striking Employee to Cross Picket Line as Justifying Denial of Unemployment Compensation Benefits,* 62 ALR3d 380, § 4[a], p 397. For a claimant to be entitled to unemployment

"(3) That at any time, there being no labor dispute in the establishment or department in which he was employed, he shall have voluntarily stopped working, other than at the direction of his employing unit, in sympathy with employees in some other establishment or department in which labor dispute was then in progress, or

"(4) That at any time, there being no labor dispute in the particular department or unit in which he was then employed, or there being no labor dispute among the grade or class of workers within the employing unit to which he belongs, he shall have become unemployed because of a stoppage of work in his particular department or unit, or among the grade or class of workers to which he belongs, which stoppage of work is due to a labor dispute which was or is in progress in some other department or unit or among a different grade or class of workers of the same employing unit by whom he was then employed."

benefits during a strike, the claimant must show the following:

"(1) that he was willing to cross a peaceful picket line, (2) that he made a reasonable attempt to cross the picket line in question, or (3) that his sole reason for failing to cross the picket line was a well-founded and reasonable apprehension of violence to his person."

Applying these standards, we hold that plaintiffs were entitled to unemployment compensation benefits. Plaintiffs had continued working after the strike commenced and testified to a willingness to continue to do so. The referee's finding that plaintiffs "feared bodily harm" is supported by the record as a whole and the record also shows that there were unsuccessful attempts to cross the picket line. With the threats of violence present, plaintiffs' unemployment must be deemed involuntary and not "due to" a labor dispute. Thus, we reverse and remand to the Employment Security Appeal Board for further proceedings.

Reversed and remanded.