GATEWAY TRANSPORTATION CO., INC., Appellant,

v.

PHILLIPS AND PHILLIPS COMPANY, Bodaken's, Incorporated, and Lance Harrington, Appellees.

No. 58226.

Supreme Court of Iowa.

Jan. 18, 1978.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellant.

Pendleton & Pendleton, Storm Lake, for appellee Bodaken's, Inc.

Heard before MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

This litigation results from a fatal automobile accident which occurred under circumstances which plaintiff, Gateway Transportation Co., Inc., hereafter called Gateway, claims entitles it to indemnity in the amount of $14,672.00 from the defendants. The trial court ruled for defendants on their motion for summary judgment, and we affirm in part, reverse in part, and remand.

Gateway is a foreign corporation engaged in the business of transporting goods and material in interstate commerce. It is au-thorized to do business in this state. Defendant Phillips and Phillips Company is a partnership owned by W. H. Phillips and W. L. Phillips. It, too, is engaged in the business of transporting goods and materials, operating in both interstate and intrastate commerce. We hereafter refer to this defendant as Phillips. Defendant Bodaken's, Incorporated, is an Iowa corporation with its principal place of business in Storm Lake. Lance Harrington, a resident of this state, was the driver of the vehicle involved in the fatal accident.

It is necessary to detail the facts as stipulated to by Gateway and by Phillips and Harrington. At the time of the stipulation, Bodaken's was out of the case by virtue of a default judgment in its favor against Gateway, a matter we discuss and resolve in Division I.

Bodaken's owned a 1967 International Tractor which was under permanent lease to Phillips. Phillips in turn owned a 1964 American Trailer. At the time of the accident, this equipment—Bodaken's tractor and Phillips' trailer—was being operated by Lance Harrington, an agent and employee of both Phillips and Bodaken's.

On August 28, 1970, Gateway entered into an equipment trip agreement with Phillips and Bodaken. The equipment was being operated under this lease agreement when the fatal collision occurred, resulting in the death of one Thomas Sorrell.

A wrongful death claim was made against Gateway based upon the negligence of its driver, Harrington. Defendants were put on notice of the claim and were advised Gateway was looking to them for indemnification for any amount paid in satisfaction of Sorrell's wrongful death claim. The claim for indemnity was based both upon the provisions of the equipment trip lease and on common law right of indemnity.

Eventually the claim with the Sorrell estate was settled for $14,672.00. Defendants denied any obligation to indemnify Gateway, and this litigation ensued over that issue.

I. Before reaching the issue of indemnity, we dispose of the claim by Gateway that the trial court erroneously refused to set aside a default judgment entered in favor of Bodaken's. We believe the trial court was right.

This case was set for trial in district court on September 24, 1974. Although properly notified of the time and place of trial, Gateway failed to appear. Bodaken's asked for default judgment. Before granting the default, the trial court contacted counsel for Gateway and was told there had been a misunderstanding concerning the notice of assignment. The court then granted Bodaken's motion and entered an order dismissing Gateway's petition against that defendant.

Within a few days, Gateway filed a motion to set the default aside. The motion was based upon claimed "mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty." The affidavit accompanying the motion set out that Gateway's counsel had misinterpreted the trial assignment to mean this case was the fourth case for trial on the date set rather than the first one. The affidavit further stated that Gateway had a good cause of action and that it would work a substantial hardship if the default were allowed to stand. The motion to set aside the default was denied.

■ Trial courts are vested with broad discretion in ruling on motions to set aside a default. Such rulings will be reversed on appeal only for an · abuse of discretion. Generally abuse will be found only where there is a lack of substantial evidence to support the trial court's ruling. This question is thoroughly discussed in *Paige v. City of Chariton,* 252 N.W.2d 433, 436–438 (Iowa 1977) (where an order setting default aside was sustained) and *Williamson v. Casey,* 220 N.W.2d 638, 639–640 (Iowa 1974) (where an order setting aside a judgment by default was reversed.)

We find this statement from the *Williamson* case particularly persuasive:

"This record provides no basis under Rule 236 for setting aside the default judgment. In this context defendants' motion offers nothing more than an explanation for their failure to appear. They did not show good cause under the rule. Good cause does not include misconstruction by a party of proper legal notice."

In *Williamson,* the misunderstanding concerned a notice filed with the Commissioner of Public Safety under § 321.5, The Code. In the present case, Gateway is relying on misunderstanding of an order of court. We believe the same principles apply.

■ A proceeding to set aside a default judgment under Rule 236, Rules of Civil Procedure, is a proceeding at law. It is based upon good cause. Good cause may consist of mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty. The burden is on the one seeking the relief to establish he is entitled to it. The findings of the trial court are binding on us if supported by substantial evidence.

■ In the present case the trial court found that Gateway had not established good cause upon any of the allowable grounds and accordingly overruled the motion to set the default aside. We believe there was substantial evidence to support this finding. We therefore affirm the trial court in denying Gateway's motion to set aside the default as far as the defendant · Bodaken is concerned.

II. We come now to the real issue in this case, the question of whether or not paragraph 17 of the equipment trip lease is void as against public policy.

The trial court found against Gateway's claim for contractual indemnity on public policy grounds. The matter of common law indemnity was also decided for defendants on the theory of federal preemption under Interstate Commerce Commission regulations.

Because of our holding on the question of contractual indemnity, it is not necessary to reach the question of common law indemnity and we do not do so.

Limited to a consideration of contractual indemnity under the lease, this appeal presents two issues. First, does public poli-

cy prevent Gateway from having indemnity for the negligence of Phillips' driver? Second, if Gateway's claim is not barred by public policy, is it entitled to indemnity under the stipulated facts?

We set out the trial court's finding as it relates to contractual indemnity:

"The court rules as a matter of law that paragraph 17 of the lease * * * is void as being contrary to public policy; that it is contrary to * * * the Interstate Commerce Commission Regulations providing, among other things, for the exclusive control over leased equipment and borrowed drivers and that attempted bargaining between the trucking companies for the exemption from liability of one who is charged with a duty of public service is illegal and of no force and effect."

Paragraph 17 of the lease to which the trial court referred is as follows:

"Lessor [Phillips] agrees that he will indemnify and hold the lessee [Gateway] harmless for any and all claims for damages of any nature whatsoever arising from the operation of the described equipment under the terms of this lease."

This provision and others similar to it raise questions of public policy because their effect is to relieve the party in control of the equipment—the lessee—from liability for negligence. For some time there was a split of authority as to the validity of such provisions, particularly among the federal circuit courts. See *Alford v. Major,* 470 F.2d 132 (7th Cir. 1972), which holds such provisions void, and *Allstate Insurance Co. v. Alterman Transport Lines, Inc.,* 465 F.2d 710 (5th Cir. 1972), which holds them valid. *See also* footnote 6, 423 U.S. 34, 96 S.Ct. 232, 46 L.Ed.2d 175.

However, any uncertainty on this question was resolved by the case of *Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc.,* 423 U.S. 28, 96 S.Ct. 229, 46 L.Ed.2d 169, 178 (1975). In that case an equipment trip lease agreement contained the same provision we are now considering. The Supreme Court held such terms do not offend against public policy as

long as the lessee remains initially responsible to the public and to shippers. If this condition is met—and it is in the present case—the fact that Gateway contracted with others to indemnify it against loss is not contrary to public policy.

The following from the *Transamerican* case is significant:

"The [Interstate Commerce Commission] regulations do not expressly prohibit an indemnification provision in the agreement between the lessor and the lessee. In fact, they neither sanction nor forbid it. It would seem to follow, then, that the mere presence of a clause such as the one here * * * does not, in and of itself, offend the regulations so long as the lessee does not absolve itself from the duties to the public and to shippers imposed upon it by the Commission's regulations." (423 U.S. 39, 96 S.Ct. 235, 46 L.Ed.2d 178).

We hold this case is controlled by the *Transamerican* decision, and we therefore reverse the judgment in favor of defendants.

III. There still remain several other issues raised by Gateway. One insists the trial court was wrong in overruling Gateway's motion for summary judgment.

At the time Gateway's motion for summary judgment was ruled on, the court was right in holding there were fact issues to be decided. One was the question of ownership and agency involving Bodaken's and Harrington. These matters were later agreed to by stipulation, but they were controverted at the time the motion was ruled on. The trial court was correct in overruling Gateway's motion for summary judgment.

IV. We affirm the refusal of the trial court to set aside the default judgment in favor of Bodaken's. We reversed as to the entry of judgment in favor of defendants Phillips and Harrington and remand the case to the trial court for entry of appropriate judgment under the stipulated facts.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.