HENDRY, Judge.
Empire Fire and Marine Insurance Company appeals from an amended final judgment in favor of the appellee, Transport Indemnity Company on the issue of primary insurance coverage.
The cause arose out of a tractor-trailer/schoolbus/automobile collision at Hialeah, Florida. At the time of the accident the tractor-trailer was being operated under a written trip lease agreement with Altruk Freight Systems, Inc.; Daniel Calhoun, the owner of the tractor-trailer, had leased it to Altruk for the purpose of transporting freight from Missouri to Florida. Under the lease agreement it was provided that (1) Mr. Calhoun was to obtain liability insurance; (2) that Mr. Calhoun was to indemnify Altruk for loss; and (3) that the driver of the tractor-trailer was deemed to be the exclusive employee of Mr. Calhoun. Empire Fire and Marine Insurance Company was Mr. Calhoun’s insurer, and Transport Indemnity Company was Altruk Freight Systems, Inc.’s insurer.
State Farm Mutual Automobile Insurance Company, as subrogee of the automobile driver’s property damage loss, initiated the action. Thereafter the schoolbus driver and Dade County exchanged cross-claims for contribution against the parties responsible for the tractor-trailer, and the school-bus driver filed a cross-claim on her own behalf for personal injuries. By mutual consent of the respective insurers of Calhoun and Altruk, the issue of primary insurance coverage was to be resolved by the trial court without jury and prior to trial on liability and damages.
The major contention made by appellant is that the trial court erred in ruling that its policy provided primary coverage on the ground that the lessee, Altruk Freight System, was in complete control of and governed the operation of the tractor-trailer, thus, Altruk’s insurance is primary. Appellant urges that paragraph 2 of the lease which required Altruk to “accept and maintain exclusive possession, control and use of the equipment and assume complete responsibility therefor . . . ” (this clause was included in the lease agreement under 49 C.F.R., § 1057.3(a), requiring that the lessee have control and responsibility for the operation of the leased equipment) dictates that since the entire operation was deemed to be under the control of Altruk, then it follows that the driver of such leased equipment be considered an employee of the lessee-carrier.
Appellee counters this argument by pointing out that Calhoun not only agreed that the driver was to be considered his own employee but also contracted to indemnify Altruk, paragraph 11 of the lease states: “Notwithstanding paragraph 2 hereof, Contractor shall indemnify and hold Carrier harmless from any . . . damage, liability, claim ... to cargo, persons or property.” In regard to this indemnity clause, a recent United States Supreme Court decision construing a similar lease is controlling here; in the opinion the court *1331 noted that the Interstate Commerce Commission requires all trip leases to have a clause making the carrier legally responsible to the public for use of a vehicle but held that an indemnity agreement, where owner agrees to indemnify the carrier, is valid and enforceable as a risk allocation device and is not repugnant to the mandatory acceptance of liability clause. Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc., 423 U.S. 28, 96 S.Ct. 229, 46 L.Ed.2d 169 (1975). The holding establishes that such an indemnity clause does not work to circumvent the requirement in I.C.C. regulations as to lessee-carrier’s responsibilities to the public; that it is not prohibited on public policy grounds by the “control and responsibility” requirement of 49 C.F.R. § 1057.3(a); that such a clause does not affect the lessee’s basic responsibility to the public, but only the relationship between the lessee and the lessor; that it does not conflict with the safety provisions of the I.C.C.’s regulations, §§ 1057.4(c) and 1057.4(e), relating to vehicle inspections and driver familiarity with safety regulations. Also see, Gateway Transportation Co. v. Phillips and Phillips Co., 261 N.W.2d 175 (Iowa 1978).
We now directly address the issue of which insurer must provide primary coverage. As stated in Burton v. Diamond Sand and Stone Company, 327 So.2d 95 (Fla. 2d DCA 1976) the employment status of the driver of the leased equipment is of paramount importance and this question must be answered in order to determine primary coverage. In the instant case the trial court did make the specific determination that the tractor-trailer driver was the exclusive employee of the lessor, Calhoun, under the express terms of the lease agreement which states in pertinent part:
“Contractor [Calhoun] shall furnish the drivers named on the reverse side hereof and shall be responsible for and pay drivers’ salaries, any applicable union benefits, Workmen’s Compensation coverage, all taxes based on payroll and all other costs and expenses incident to drivers’ employment. The drivers shall at no time be employees or agents of Carrier [Altruk]. Contractor shall provide Carrier with true copies of the Interstate Commerce Commission physical examination of the drivers, or doctor’s certificates in lieu thereof, and drivers’ daily logs for the seven days prior to the day of the execution of this Trip Lease or certificates in lieu thereof.”
The Burton court pointed out that under the type of factual situation that we are considering here, there is no doubt that the lessor’s insurer is estopped to deny primary coverage based on the doctrine of responde-at superior; the lessee’s insurer would then provide secondary coverage. Also see, Hertz Corporation v. Parsons, 419 F.2d 783 (5th Cir. 1969).
We find no error in the ruling of the trial court that Empire Fire and Marine Insurance Company is the primary insurer and the coverage afforded by Transport Indemnity Company is excess and shall not apply until the limits of the primary coverage of Empire have been exhausted.
For the above-stated reasons, the judgment is hereby affirmed.
Affirmed.