383 So.2d 1315 (1980)
CITIES SERVICE OIL COMPANY, Plaintiff-Appellant,
v.
ADMINISTRATOR, LOUISIANA DEPARTMENT OF EMPLOYMENT SECURITY, Frank A. Lafaso et al., Defendants-Appellees.
No. 7253.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1980.
Rehearing Denied May 29, 1980.
*1317 Jones, Patin, TEte, Nolen & Hanchey, William T. McCall, Lake Charles, for plaintiff-appellant.
James A. McGraw, Baton Rouge, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
CUTRER, Judge.
Cities Service Oil Company appeals the judgment of the district court affirming the decision of the Board of Review for the Louisiana Department of Employment Security awarding unemployment compensation benefits under the Louisiana Employment Security Law, LSA-R.S. 23:1471, et seq., to 20 claimants who were employees of plaintiff.
The claimants, members of the International Association of Machinists (Machinists), became unemployed as the result of a labor dispute between Cities Service Oil Company (Cities Service) and the Oil, Chemical and Atomic Workers (OCAW). The dispute resulted in a strike in which picket lines were established at the Cities Service complex in Lake Charles, Louisiana, including the Lube Plant where the claimants were employed. After the picket lines were established, the claimants did not return to work and filed for unemployment compensation with the Department of Employment Security. Initially, the claims were rejected pursuant to LSA-R.S. 23:1601. This statute provides, in pertinent part, that:
"An individual shall be disqualified for benefits:
* * * * * *

"(4) For any week with respect to which the administrator finds that his unemployment is due to a labor dispute which is in active progress at the factory, establishment, or other premises at which he is or was last employed; but such disqualification shall not apply if it is shown to the satisfaction of the administrator that he is not participating in or interested in the labor dispute which caused his unemployment. For the purposes of this Sub-section, if separate branches of work which are commonly conducted as separate businesses in separate premises, are conducted in separate departments of the same premises, each such department shall be deemed to be a separate factory, establishment or other premises."

Initially, it was determined that the claimants were members of the striking union, therefore, active participants in the labor dispute, and disqualified for benefits.
This initial determination was appealed by the claimants to the appeal tribunal. A hearing was held and the referee of the appeal tribunal reversed the prior determination and awarded benefits. The referee determined that justifiable fear of injury or violence was a valid basis for the claimants' refusal to cross the picket lines. Under these circumstances, the referee felt that the claimants were not participating in or interested in the labor dispute. Therefore, they were not disqualified for benefits.
The appeal by Cities Service of the appeal tribunal decision was denied by the Board of Review. Thus, the Board of Review adopted the decision of the appeal tribunal. LSA-R.S. 23:1630. Cities Service obtained *1318 judicial review of the proceedings before the Board of Review in district court. The district court affirmed the decision of the Board of Review, finding no error in the factual determination or the legal conclusion of the Board of Review. Cities Service appeals the judgment of the district court.
The issues presented by this appeal are: (1) Whether a claimant is disqualified for benefits, under LSA-R.S. 23:1601(4), where the reason for the unemployment is his refusal to cross a picket line in a labor dispute due solely to a reasonable and genuine fear of personal injury or violence; and, if such "fear of violence" exception is recognized, (2) whether sufficient evidence was presented in the present case to support a finding of fact by the appeal referee (and adopted by the Board of Review) that the claimants had a reasonable and genuine fear which was the sole reason for their refusal to cross the picket lines at their place of employment.
Cities Service contends first that the referee, the Board of Review and the district court erroneously interpreted LSA-R.S. 23:1601(4). Cities Service contends that a refusal to cross a picket line, even though there is a reasonable fear that violence or injury will occur, is a ground for disqualification for benefits. It argues that any refusal to cross a picket line is "participating" in the labor dispute for purposes of the statute.
We disagree. The Louisiana Employment Security Law is to be broadly interpreted in keeping with the legislatively declared purpose to relieve economic hardship created by unemployment. Lykes Brothers Steamship Company, Inc. v. Doyal, 338 So.2d 594 (La.1976). The very broad meaning of "participating" advanced by Cities Service would have the effect of imposing a very narrow interpretation on the availability of unemployment compensation.
We recognize that the intent of LSA-R.S. 23:1601(4) is undoubtedly to avoid placing an employer in a position of being compelled by statute to subsidize a strike since the employer is required to pay substantial sums into a fund from which unemployment benefits are paid. Senegal v. Lake Charles Stevedores, Inc., 250 La. 623, 197 So.2d 648 (1967). However, the policy must be considered with the policy of relieving hardship of those who are unemployed for reasons not attributable to themselves.
"Participating in a labor dispute" includes the official recognition by a claimant's local union of another local's picket line. Brown v. Brown, 158 So.2d 305 (La. App. 1st Cir. 1963), writ ref'd, 160 So.2d 227 (La.1964), cert. den., 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964). It would also include a situation of individual recognition of a picket line because of adherence to a union principle of not crossing picket lines.[1]
"Interested in a labor dispute" includes situations in which the claimant stands to benefit from actions of those participating in the labor dispute. In the case of Senegal v. Lake Charles Stevedores, Inc., supra, a non-striking, non-union claimant was held to be interested in the labor dispute because he would receive the same wages and benefits as those who participated in the strike. "Interested in" would not include a situation in which the claimant stood to receive no benefits from the labor dispute. Interest of the claimant is determined by the facts and circumstances of each case. Senegal v. Lake Charles Stevedores, Inc., supra. It is not contended in the present case that the claimants had any interest in the labor dispute between Cities Service and OCAW since the Machinists had previously reached an agreement with Cities Service.
A worker, who is not otherwise participating in or interested in a labor dispute, is not disqualified for unemployment benefits by a refusal to cross picket lines due solely to a reasonable and genuine fear of violence or injury inspired by actual or potential violence. Such refusal to cross picket lines is not "participating in or interested in the labor dispute which caused his *1319 unemployment."[2] Whether the fear of injury or violence is reasonable and genuine depends on the facts of each case. The burden is on the employee to prove that he comes within the exceptions to disqualification by showing that such fear was the sole reason for his not crossing the picket lines.
This brings us to the question of whether the claimants presented sufficient evidence to support the findings of the appeal referee as affirmed by the Board of Review.
The record of the hearing before the appeal referee reveals the following:
Claimants are members of a local of the International Association of Machinists. The Machinists had reached the tentative agreement with Cities Service, but no formal contract had been signed. The OCAW was unable to reach an agreement with Cities Service and on February 19, 1977, at about 4:00 P.M., the OCAW established picket lines at the Cities Service Refinery. The claimants refused to cross the picket lines. At the hearing, Ivan Fisk, the business representative for the Machinists local, Roy Ryczak and Frank Lafaso appeared. Fisk testified the claimants refused to cross the picket lines because of fear of bodily harm to themselves or their families. He stated that there had been numerous incidents of violence on picket lines in the area in the recent past. One of the claimants stated that there was no directive from the Machinists local not to cross the picket lines, but none would cross because of fear of injury. Fisk further stated that the Machinists were prepared to honor the tentative agreement and return to work but that fear of harm was the obstacle. He pointed out that at the Lube Plant there were 25 Machinists and 300 to 400 OCAW members. Fisk further stated that even though police were constantly present, their presence was not a sufficient guarantee of safety. Additionally, the claimants feared further retaliation by OCAW members after the strike terminated.
Based upon the testimony of the claimants, the referee found that the claimants were not participating in or interested in the labor dispute. He found that the claimants were justified in refusing to cross the picket lines due to fear of injury.
Upon appeal to the district court, the trial judge, in his reasons for affirming the judgment, took judicial notice of past violence when he stated as follows:
". . . In this regard, the court takes judicial notice of the terrible violence that occurred in the same area on January 15, 1976 at the Jupiter Chemical Plant."

By taking judicial notice of such past violence, the trial court erred. No additional evidence may be received or injected through judicial notice by the trial court. This is prohibited by LSA-R.S. 23:1634 which provides, in part, as follows:

"In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court. . . ." (Emphasis added.)
Under this statute, the findings of the Board of Review as to facts, if supported by sufficient evidence and in the absence of *1320 fraud, are conclusive. The court is confined to questions of law. No additional evidence may be taken. If the evidence is insufficient, the court may remand and order additional evidence taken by the Board of Review.
We have carefully reviewed the record and have concluded that the trial court erred in its finding that the evidence was sufficient to support the claimants' position. The statements made by the claimants regarding the past history of violence in the Lake Charles area were very general in nature. There is no testimony of facts, circumstances or events of past labor violence upon which the claimants base their conclusions that the past history is such as would reasonably inspire a genuine fear of harm to the claimants if they attempted to cross the picket lines in question.
The claimants do not contend nor do they testify to any violence or threats emanating from the picket lines in question. The clerks and supervisory personnel readily crossed the picket lines without incident. The claimants' mere statement that their fear is grounded on past labor violence, without giving the facts and circumstances of those activities, is not sufficient proof to excuse claimants from crossing the picket lines in question. Unemployment Compensation Board of Review v. G. C. Murphy Co., 19 Pa.Cmwlth. 572, 339 A.2d 167 (1975).
The claimants' fear of violence must be real, not nebulous. They must show that the sole reason for failing to cross the picket lines in question was a well-founded, genuine and reasonable apprehension of violence toward them. We emphasize the words "sole reason" because if a reason for not crossing the picket lines was due to union beliefs, sympathy with other strikers or adherence to union principles, they would be disqualified from unemployment compensation under the statute. Texas Co. v. Texas Employment Commission, 261 N.W.2d 178 (Tex.Civ.App.1953).
We conclude that, since claimants are relying on past history of violence as a basis for their fear and failure to cross the picket lines in question, the claimants must produce evidence of facts and circumstances showing that the past history of violence is of such a nature and character as would create a well-founded, a real and genuine fear of harm in a reasonable man due to the probability that further violence would occur should an attempt be made to cross the picket lines in question. The claimants failed to meet this burden of proof in the evidence presented to the referee.
Under these circumstances, we will reverse the judgment of the trial court. We will further remand the claims to the Board of Review for the purpose of taking additional evidence pursuant to the provisions of LSA-R.S. 23:1634.
For the reasons assigned, the judgment of the district court is set aside and reversed, and the case is remanded to the Board of Review, Department of Employment Security of the State of Louisiana for the purpose of taking of additional evidence and making a determination of claimants' eligibility for unemployment compensation pursuant to the provisions of LSA-R.S. 23:1634. The costs of this appeal are assessed one-half to claimants-appellees and one-half to plaintiff-appellant.
REVERSED AND REMANDED.
PER CURIAM.

ON REHEARING
In its application for a rehearing, the Administrator of the Office of Employment Security, Louisiana Department of Labor points out that our original decree contains an error in the assessment of costs of the appeal.
In the original decree of this court, costs of the appeal were assessed one-half to appellees (claimants) and one-half to appellant (Cities Service). Under the provisions of LSA-R.S. 23:1692 an assessment of costs against a claimant is prohibited. In view of the error and under the circumstances presented our original decree is hereby reformed to omit the taxing of costs of appeal to either party and, as amended, our original decree is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] For example, see Bodinson Mfg. Co. v. California Employment Comm., 17 Cal.2d 321, 109 P.2d 935 (1941).
[2] This suit presents the "fear of violence" exception to our courts for the first time. We resort to cases in other jurisdictions for guidance. Other jurisdictions, with statutes similar to our own, have recognized that refusal to cross picket lines due to reasonable and genuine fear of injury does not render a claimant ineligible for benefits. See, for example, Wilson v. Employment Security Commission, 74 N.M. 3, 389 P.2d 855 (1964); Shell Oil Company v. Cummins, 7 Ill.2d 329, 131 N.E.2d 64 (1956); Holdridge v. Tecumseh Products Company, 80 Mich.App. 310, 263 N.W.2d 600 (1977); Texas Co. v. Texas Employment Commission, 261 S.W.2d 178 (Tex.Civ.App.1953); Unemployment Compensation Board of Review v. G. C. Murphy Co., 19 Pa.Cmwlth. 572, 339 A.2d 167 (1975).