MOORE, Judge,
concurring specially.
Pursuant to statute, decisions of our supreme court govern the holdings and deci *395 sions of this court. See Ala.Code 1975, § 12-3-16. Likewise, when the supreme court has not decided a particular question of law that is before this court but has indicated in dicta what it would decide if the question came before it, this court is bound to follow such indication. See United States Steel Corp. v. Wood, 40 Ala.App. 481, 114 So.2d 538 (1958), reversed on other grounds, 269 Ala. 5, 114 So.2d 551 (1959). In this case, the supreme court has not decided that totally or virtually totally debilitating pain isolated to a scheduled member should be compensated outside the schedule listed in Ala.Code 1975, § 25-5-57(a)(3)a.; however, in footnote 11 in Ex parte Drummond Co., 837 So.2d 831, 836 (Ala.2002), the supreme court indicated in dicta that, in an appropriate case, it would so rule. Consequently, this court has no choice but to follow that dicta.
Nevertheless, I find myself confounded by the reasoning of Drummond. On the one hand, the body of the Drummond opinion utterly rejects isolated pain as a basis for deviating from the schedule, 837 So.2d at 834 n. 10, and states a fairly clear test requiring proof that the effects of the injury to the scheduled member extend to and impair other parts of the body. 837 So.2d at 834. On the other hand, footnote 11 in Drummond indicates that totally or virtually totally debilitating pain should be considered sufficient to take an injury outside the schedule even if that pain does not extend to and impair other parts of the body. That footnote seems totally contradictory to the body of the opinion. Moreover, the footnote does not explain why severely debilitating pain should be used as criteria to take an injury outside the schedule. It would seem that if pain itself does not affect the exclusivity of the schedule remedy, the severity of the pain would likewise not affect the remedy.
That is not to say that pain isolated to a scheduled member should be disregarded. Although the schedule is not intended to compensate for pain and suffering itself, see Ex parte American Blakeslee Manufacturing Co., 19 Ala.App. 547, 98 So. 817 (1924), pain that causes a loss of use of a scheduled member is compensable to the extent of the resulting impairment. See Ala.Code 1975, § 25-5-57(a)(3)d. If severely debilitating, pain may even justify a finding that the injured worker has sustained a total loss of use of the affected member. See General Elec. Co. v. Baggett, 34 So.3d 708 (Ala.Civ.App.2009). But it hardly follows that pain isolated to a scheduled member, if severe enough, should be treated as adversely affecting other parts of the body when, in reality, it does not.
In my opinion, using severe pain as a basis for deviating from the schedule totally undermines the legislative purpose of the schedule. By enacting a schedule, the legislature plainly intended to eliminate litigation regarding the benefits due a worker who sustains an injury to a scheduled member. The legislature envisioned that the benefits for injuries to a knee, for example, would be easily calculable and payable by reference solely to the schedule and without resort to administration by the courts. That purpose is thwarted when a totally subjective variable such as pain enters the calculus. That criteria, being almost impossible to demonstrate by objective proof, renders the schedule totally inconclusive and demands administration of the claim by the court system to determine if the nature, duration, and intensity of the pain sufficiently justifies a departure from the schedule. In this case alone, for example, the trial court has twice awarded nonscheduled benefits based on the employee’s complaints of pain in the knee, only to twice have this court reverse that decision. That entire exercise *396 with its associated costs and delays would have been avoided if the schedule remedy was completely respected and severe debilitating pain was not considered an exception to its exclusivity.
I urge the supreme court to revisit the “pain exception” to the schedule and to declare that it does not exist. Until it does, however, as a member of this court, I will continue to acknowledge that, in the very limited circumstances set out in the main opinion, totally or virtually totally debilitating pain isolated in a scheduled member is sufficient to warrant an award of nonscheduled benefits.